**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | | |
|---|---|---|
| BRET SHULTZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  3:22CV-521-RGJ |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel, hereby removes this case pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court for Jefferson County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky.  In support thereof, Ford avers as follows:

1.    Plaintiff Bret Shultz filed an action styled *Bret Shultz v. Ford Louisville Auto Plant*[1] on or about June 22, 2022.  As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit 1**[2].

2.    In Plaintiff's Complaint included herewith, Plaintiff purports to assert, among other claims, age and disability discrimination claims, retaliation and hostile work environment claims pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*

---

[1] Ford Louisville Auto Plant is not a legal entity.  Without waiving any defenses available to it, Ford construes Plaintiff's complaint as having been filed against Ford Motor Company.

[2] For purposes of clarity, attached as **Exhibit 2 (a – g)** are the documents retrieved from the KYeCourts site.  The only documents properly served on Ford by Plaintiff is the complaint attached as **Exhibit 1** hereto, which omits pages 12 and 13 of the complaint.  Ford's counsel received, via the KYeCourts email, **Exhibit 2g** hereto.

02663098.DOCX;-1

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 diversity jurisdiction.

4.      The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.

## PROCEDURAL STATEMENT

5.      Ford was first properly served with Plaintiff's Complaint on August 30, 2022 via Ford's agent for service of process in Kentucky, CT Corp. *See* **Exhibit 1**.  Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit 2**.  Defendant has answered the Complaint (*see* **Exhibit 2f**) and filed an amended answer (**Exhibit 3**).

7.      Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Kentucky is proper because the district and division embrace the Circuit Court of Jefferson County, Kentucky, where this action is currently pending. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Jefferson County and give written notice of the removal to Plaintiff.

## DIVERSITY OF CITIZENSHIP

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly-joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (under §1446(a), "a defendant seeking to remove a case to federal court must file a notice of removal 'containing a short and plain statement of grounds for removal,'" which is the same as the pleading requirements in Fed. R. Civ. P. 8(a)).

10.     Based upon the Complaint and Plaintiff's representations as to his residence, he is a citizen of the Commonwealth of Kentucky.  *See* **Exhibit 1,** hereto.

11.     For diversity purposes, a corporation shall be deemed a citizen of any State by which it has been incorporated, and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

12.     Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan, where it is headquartered.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan.  Attached hereto as **Exhibit 4** is a true and correct copy of the most recent annual report for Ford Motor Company on file with the Kentucky Secretary of State, evidencing Defendant's state of incorporation and principal place of business.

13.     Therefore, complete diversity exists between Plaintiff and the Defendant.  28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

14.     Although Plaintiff does not articulate a specific amount of damages in the Complaint, the damages claimed by him plainly exceeds $75,000, exclusive of interest and costs.

15.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) (where complaint did not state amount in controversy, the notice of removal satisfied the amount-in-controversy requirement by stating that the amount in controversy exceeded $75,000); *Hume v. Quickway Transp., Inc.*, 2016 WL 3349334, at *3 (W.D. Ky. 2016 June 15, 2016).  No submission of evidence accompanying the removal notice is required.  *Dart Cherokee*, 135 U.S. at 89.

16.    Plaintiff seeks compensatory damages for alleged economic, personal and other losses as well as for alleged humiliation, embarrassment and emotional distress and attorneys' fees. *See* **Exhibit 2, Complaint,** page 13.

17.    Here, if Plaintiff is successful, an award of compensatory damages for the harms alleged could easily exceed $75,000. As a result, the amount in controversy exceeds the minimum $75,000 threshold.

### CONCLUSION

18.    Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

19.    WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Jefferson County, Kentucky.

Respectfully submitted,

TURNER, KEAL & BUTTON, PLLC

By: s/R. Thad Keal
    R. Thad Keal
    10624 Meeting St., #101
    Prospect, KY 40059
    Telephone: (502) 426-5110
    Facsimile: (502) 426-5119
    tkeal@turnerkeal.com

*Counsel for Defendant Ford Motor Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Kentucky using the CM/ECF system, and a true and correct copy of the foregoing was sent via electronic mail, to:

    Samuel G. Hayward, Jr.
    ADAMS HAYWARD & WELSH
    4036 Preston Highway
    Louisville, KY 40213
    sghayw@gmail.com

    *Counsel for Plaintiff*

s/R. Thad Keal
R. Thad Keal
*Counsel for Defendant*